FILED
04 NOV -9 AM 11:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

ENTERED
NOV 09 2004

**WAYNE SELLERS,**

Plaintiff,

**vs.**

**OCWEN FEDERAL BANK, FSB; RESOURCE BANCSHARES MORTGAGE GROUP, INC.; LITTON LOAN SERVICING, L.P.; WARRIOR MORTGAGE, INC.,**

Defendants.

Civil Action Number
**04-C-2818-W**

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff Wayne Sellers' ("Sellers") Motion to Remand the present action, pursuant to 28 U.S.C. § 1447. (Doc. 9.) The present action was filed in the Circuit Court of Tuscaloosa County, Alabama, seeking damages for fees charged to Sellers as it relates to a mortgage note held by one or more of the above Defendants.

On September 24, 2004, Defendants Ocwen Federal Bank ("Ocwen") filed a Notice of Removal of this action based upon diversity jurisdiction. In the Notice of Removal, Defendant Ocwen stated that all Defendants that were served had consented to removal. Defendants Resource Bancshares Mortgage Group ("Bancshares") and Litton Loan Servicing, L.P. ("Litton") had been served and consented to the removal. The Notice of Removal further stated that Defendant Warrior Mortgage ("Warrior") had not been served and accordingly was not required to consent to removal.

Although not a part of Title 28 U.S.C. § 1441(a), which authorizes removal, case law

13

ordinarily requires that actions cannot be removed to district court unless all defendants consent to the removal. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, et al.*, 427 F.2d 325 (5th Cir. 1970)[1]; 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3731 (3d ed. 1998).

Defendant Warrior did not consent to the removal, although Warrior was served on September 17, 2004, seven days prior to Ocwen's filing the Notice of Removal.

Therefore, by separate order, Plaintiff's Motion To Remand will be GRANTED and this action REMANDED to the Circuit Court of Tuscaloosa County, Alabama.

The costs of this action are hereby taxed against the removing Defendants.

Each party to bear its own costs.

Done this the 8th day of November, 2004.

Chief United States District Judge
U. W. Clemon

[1]*Bonner v. City of Pritchard,* 661 F.2d 1206, 1209 (11th Cir. 1981) makes the law of the Fifth Circuit, prior to October 1, 1981, binding precedence on the Eleventh Circuit.